ORIGINAL

1  **WEILAND GOLDEN LLP**
Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
Beth E. Gaschen, State Bar No. 245894
4  bgaschen@wgllp.com
650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
Telephone   714-966-1000
6  Facsimile   714-966-1002

7  Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala
8

**FILED**

**OCT 27 2014**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

9          **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11          **SANTA ANA DIVISION**

| | |
|---|---|
| 12  In re | Case No. 8:14-bk-14529-TA |
| 13  PAUL EDALAT, | Chapter 7 |
| 14          Debtor. | Adv. No. |
| 15  WENETA M.A. KOSMALA, solely in her | **COMPLAINT FOR:** |
| 16  capacity as the Chapter 7 Trustee for the bankruptcy estate of Paul Edalat, | **(1) DECLARATORY RELIEF THAT THE VEHICLES ARE PROPERTY OF THE** |
| 17          Plaintiff, | **ESTATE;** |
| 18  v. | **(2) TURNOVER OF THE VEHICLES PURSUANT TO 11 U.S.C. § 542(a);** |
| 19  PAUL EDALAT; O'GARA COACH BEVERLY HILLS; ED BILEZEKCHIAN; | **(3) INJUNCTIVE RELIEF RELATED TO** |
| 20  FARAH BARGHI; MALI AATCHI, | **THE VEHICLES;** |
| 21          Defendants. | **(4) DECLARATORY RELIEF THAT THE INTERESTS IN THE COMPANIES ARE** |
| 22  | **PROPERTY OF THE ESTATE;** |
| 23  | **(5) TURNOVER OF THE INTERESTS IN THE COMPANIES AND RELATED** |
| 24  | **PROPERTY PURSUANT TO 11 U.S.C. § 542(a);** |
| 25  | **(6) INJUNCTIVE RELIEF RELATED TO** |
| 26  | **THE COMPANIES;** |
| 27  | **(7) DECLARATORY RELIEF THAT THE MEMORABILIA ARE PROPERTY OF THE** |
| 28  | **ESTATE;** |

*(left margin vertical text)* Weiland Golden LLP / 650 Town Center Drive, Suite 950 / Costa Mesa, California 92626 / Tel 714-966-1000 Fax 714-966-1002

1010450.1                    1                    COMPLAINT

1

**(8) TURNOVER OF THE MEMORABILIA PURSUANT TO 11 U.S.C. § 542(a); AND**

2

3

**(9) INJUNCTIVE RELIEF RELATED TO THE MEMORABILIA**

4

5

6

**TO THE DEFENDANTS AND THEIR COUNSEL:**

7

Weneta M.A. Kosmala, the chapter 7 trustee (the "Trustee") for the bankruptcy

8

estate (the "Estate") of Paul Edalat (the "Debtor"), is informed and believes and

9

respectfully alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

10

11

1.    The Bankruptcy Court has jurisdiction over this adversary proceeding

12

pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 323, 541(a), and 542.  This

13

adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and

14

(O).

15

2.    Venue properly lies in this judicial district in that the civil proceeding arises

16

under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

17

3.    This adversary proceeding arises out of and relates to the case entitled *In re*

18

*Paul Edalat*, a chapter 7 case currently pending in the United States Bankruptcy Court,

19

Central District of California, the Honorable Theodor C. Albert presiding.  The Debtor filed

20

his chapter 7 bankruptcy petition on July 22, 2014 (the "Petition Date").

**PARTIES TO THE ACTION**

21

4.    The Trustee is the duly appointed chapter 7 trustee for the Debtor's

22

bankruptcy estate.

23

5.    The Trustee is informed, believes, and based thereon alleges that the

24

Debtor is an individual who resides in Orange County, California.

25

6.    The Trustee is informed, believes, and based thereon alleges that O'Gara

26

Coach Beverly Hills ("O'Gara") is a luxury automotive dealership with a business address

27

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Tel 714-966-1000  Fax 714-966-1002

1    of 8333 West Olympic Boulevard, Beverly Hills, California 90211 and 125 S. Robertson

2    Boulevard, Beverly Hills, California 90211.

3        7.     The Trustee is informed, believes, and based thereon alleges that Ed

4    Bilezekchian ("Bilezekchian") is an owner of a body repair shop.

5        8.     The Trustee is informed, believes, and based thereon alleges that Mali

6    Aatchi ("Aatchi") is an individual who resides in Orange County, California and is the

7    Debtor's mother.

8        9.     The Trustee is informed, believes, and based thereon alleges that Farah

9    Barghi ("Barghi") is an individual who resides in Orange County, California is the Debtor's

10    sister.

11                          **STATEMENT OF STANDING**

12        10.    The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105,

13    323, and 542.

14                          **GENERAL ALLEGATIONS**

15        11.    The Trustee incorporates each and every allegation contained in paragraphs

16    1 through 10 as though fully set forth herein.

17        12.    The Debtor's initial § 341(a) meeting of creditors was held on September 4,

18    2014, and was continued to October 2, 2014.  The Debtor failed to appear on this date so

19    the meeting of creditors was continued to October 23, 2014.  A continued meeting of

20    creditors was conducted on October 23, 2014, and continued to December 11, 2014.

21        13.    The Debtor filed his bankruptcy schedules (the "Schedules") and statement

22    of financial affairs ("SOFA") on August 15, 2014.  Attached as Exhibit "1" is a true and

23    correct copy of the Schedules and SOFA.  The Debtor failed to list his interests in the

24    Vehicles (defined below), the Companies (defined below), and the Memorabilia (defined

25    below).  As of the date of the filing of this complaint, no amendments to the Schedules

26    have been filed.

27

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

14. At the initial meeting of creditors, the Debtor testified that he did not have an interest in any vehicles, except for the scheduled 2014 Audi A4 and 2009 Mercedes Benz S63. The Debtor testified that there were no other cars.

15. The Trustee is informed and believes and based thereon alleges that contrary to the Schedules and the Debtor's initial testimony, as of the Petition Date, the Debtor owned a 2003 Lamborghini Murcielago, vehicle identification number ZA9BC10U53LA12407 (the "2003 Lamborghini"), that is property of the Debtor's bankruptcy estate.

16. At the meeting of creditors held on September 4, 2014, the Debtor testified that the last time he saw the 2003 Lamborghini was sometime in the middle of 2012, at a body shop on Hazard Avenue in Westminster, California. The Debtor further testified that the 2003 Lamborghini had been in an accident and so the Debtor put it in this shop to be repaired. The Debtor testified that he owed the owner of the body shop, Ed, $80,000.00 that he had borrowed to pay off gambling debts so the Debtor gave the car to the shop. The Debtor could not recall Ed's last name. The Debtor subsequently testified that it was Ed who was driving the 2003 Lamborghini at the time of the accident. The Debtor also testified that the 2003 Lamborghini was insured by State Farm at the time of the accident, that it was the Debtor that carried the insurance, and State Farm had probably paid on the accident claim. The Trustee is informed and believes and based thereon alleges that the owner of this body repair shop "Ed" is Edward Bilezekchian.

17. The Trustee is informed and believes and based thereon alleges that as late as July 20, 2014, the Debtor was in possession of, and was the registered owner of, the 2003 Lamborghini. The Debtor was cited with a traffic ticket on that date for driving the 2003 Lamborghini without license plates and with tinted windows. Attached as Exhibit "2" is a true and correct copy of the traffic citation. The citation verifies that the Debtor provided the citing officer with evidence that he owned the 2003 Lamborghini and that the Debtor was the insured, which corresponds to the Debtor's testimony that he carries the insurance on the 2003 Lamborghini.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

18.    The Trustee is informed and believes and based thereon alleges that the Department of Motor Vehicles ("DMV") lists the registered owner of the 2003 Lamborghini as Zosma Adventures LLC or the Debtor.  Attached as Exhibit "3" is a true and correct copy of the DMV registration for the 2003 Lamborghini.

19.    The Debtor testified on October 23, 2014, that the 2003 Lamborghini was towed to O'Gara for service and is now located there.  The Trustee is informed and believes and based thereon alleges that the 2003 Lamborghini is still stored with O'Gara.

20.    At the meeting of creditors held on October 23, 2014, the Debtor testified that he was not in possession of the 2003 Lamborghini and had not used the 2003 Lamborghini since for sometime.  Only after being confronted with the citation did the Debtor admit that he had been driving the 2003 Lamborghini, although he still denies ownership, but acknowledges that he has been able to drive it whenever he wants if it is available.

21    The Trustee is informed and believes and based thereon alleges that contrary to the Schedules and the Debtor's testimony, as of the Petition Date, the Debtor owned a 1991 Lamborghini Diablo, vehicle identification number ZA9DU07P3MLA12102 (the "1991 Lamborghini"), that is property of the Debtor's bankruptcy estate.

22.    The Debtor testified at the meeting of creditors held on September 4, 2013, that he previously owned the 1991 Lamborghini, but sold it in 2013 for $45,000.00.  The Debtor testified that he had listed it for $150,000.00, but sold it for less because he needed the money.  The Debtor stated that he used the sale proceeds for living expenses.

23.    The Trustee is informed and believes and based thereon alleges that the Debtor did not sell the 1991 Lamborghini to an unknown person overseas as he testified at his meeting of creditors.  The Trustee is informed and believes and based thereon alleges that the Debtor has recently offered the 1991 Lamborghini as collateral for financing.  The Debtor has refused to inform the Trustee as to the true and accurate location of the 1991 Lamborghini.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

24.    The Trustee is informed and believes and based thereon alleges that the DMV lists the registered owner of the 1991 Lamborghini as Zosma Ventures, Inc. or the Debtor.  Attached as Exhibit "4" is a true and correct copy of the DMV registration for the 1991 Lamborghini.

25.    The Trustee is informed and believes and based thereon alleges that the 1991 and 2003 Lamborghinis were pledged as collateral by the Debtor for a loan he obtained from Luberski, Inc. in the amount of $500,000.00.

26.    The Trustee is informed and believes and based thereon alleges that while the Debtor testified that the 1991 and 2003 Lamborghinis are owned by other persons or entities, the Debtor is actual owner of the vehicles.

27.    The Trustee is informed and believes and based thereon alleges that contrary to the Schedules and to the Debtor's testimony, as of the Petition Date, the Debtor owned a black Ferrari (the "Ferrrari").  The Debtor testified that he has possession of the Ferrari in his garage at his home located at 401 Rockefeller #1201, Irvine, California 92612, and that he has inherited the Ferrari.  The Trustee is further informed that the Ferrari originally belonged to the Debtor's brother who passed away and it may now be in a family trust.  The Trustee believes that the Ferrari is owned by the Debtor and/or the Zosma Adventures LLC Trust.  The Debtor indicated that he insures the vehicle.

28.    Barghi and Aatchi may have interests in some of the Vehicles directly or through Zosma Ventures LLC's trust.

29.    The Trustee is informed and believes and based thereon alleges that the Debtor has in the past owned two (2) Rolls Royce Bentleys and a Hummer H2 and the Debtor may currently own several other vehicles of which the Trustee is not yet aware.

30.    The Ferrari, the 2003 Lamborghini, the 1991 Lamborghini, and any other vehicles that the Debtor may own and that the Trustee subsequently discovers shall herein be collectively referred to as the "Vehicles."

31.    The Trustee is informed and believes and based thereon alleges that contrary to the Schedules, as of the Petition Date, the Debtor held an interest in Zosma

1  Ventures, Inc. ("Zosma"). The Trustee is further informed and believes and based thereon

2  alleges that Zosma was founded in 1996 and has been operating as a successful

3  business with a network of distributors nationwide and worldwide who purchase products

4  from Zosma's manufacturing plant. Zosma provides its distributors with marketing advice,

5  express shipment, exhibition of esteemed athletes, and guidance from the United States

6  Embassy Department of Commerce Commercial Service Division.

7       32.    The Trustee is informed and believes and based thereon alleges that Zosma

8  is the parent corporation and 100% shareholder of Scilabs Nutraceuticals, Inc., Zosma's

9  manufacturing arm, and the parent company of Formulated Sciences, Inc., a California

10  corporation which is the brand and marketing arm of Zosma nutritional and dietary

11  supplements.

12       33.    The Trustee is informed and believes and based thereon alleges that Zosma

13  is the parent company of other pharmaceutical, nutrition, and supplement companies,

14  including, but not limited to: (1) 100% of the interests of All Pro Science, Inc.; (2) APS; (3)

15  Zosma Adventures; and (4) Scilabs Pharmaceuticals, Inc. The Trustee is informed and

16  believes and based thereon alleges that Zosma may own valuable intellectual property

17  related to the operation of all of its subsidiaries. The Debtor testified at his meeting of

18  creditors that he did not know who owned APS.

19       34.    The Trustee is informed and believes and on that basis alleges that the

20  Debtor is the majority shareholder, director, chairman, and CEO of Zosma, an officer,

21  director, and/or CEO of its subsidiaries, and is directly involved in the day-to-day

22  operations of Zosma and its affiliate and subsidiary companies overseeing as either

23  director or as an executive in the design, manufacturing, sales, distribution and order

24  fulfillment in the nutraceutical industry and has been doing so for over 15 years.

25       35.    The Trustee is informed and believes and on that basis alleges that contrary

26  to the Debtor's testimony at his meeting of creditors, the Debtor is involved in the day-to-

27  day operations of All Pro Science, Inc.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

36.     The Trustee is informed and believes and on that basis alleges that Zosma is the owner of the "Formulated Sciences" or "FS" trademarks and brands and uses those trademarks in connection with a broad range of health and nutritional supplements.

37.     The Trustee is informed and believes and based thereon alleges that the Debtor obtained a patent in 2009 for pre- and post-workout formulations processes and supplement products.

38.     The Trustee is informed and believes and on that basis alleges that the Debtor also owns valuable sports memorabilia (the "Memorabilia").  The Trustee is further informed and believes and on that basis alleges that this Memorabilia is located at the Scilab Nutraceuticals, Inc. office which is located at 17819 Gillette Avenue, Irvine, California 92614.  The Debtor did not include the Memorabilia on the Schedules.

39.     Despite the Trustee's request on September 4, 2014, for all documents regarding the Debtor's assets, transfers, and specifically those documents related to the transactions described above, to date, nothing has been produced.

### FIRST CAUSE OF ACTION

(For Declaratory Relief Against the Debtor, O'Gara, Bilezekchian, Aatchi and Barghi )

40.     The Trustee incorporates each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41.     The Trustee is informed and believes and based thereon alleges that as the Petition Date the Debtor was entitled to possession and ownership of the Vehicles and, as such, the Vehicles are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a).

42.     The Trustee is informed and believes and based thereon alleges that O'Gara is in possession of at least the 2003 Lamborghini.

43.     The Trustee is informed and believes that the Debtor has denied ownership of the 1991 and 2003 Lamborghinis and was not clear as to whether he had or still is to inherit the Ferrari.

44.    Because there is a dispute over ownership of the Vehicles, declaratory relief is appropriate, and the Trustee seeks a judicial determination that the Vehicles are property of the Debtor's bankruptcy estate that she is entitled to administer for the benefit of the Debtor's creditors.

## SECOND CAUSE OF ACTION

(For Turnover Against the Debtor and O'Gara, Bilezekchian, Aatchi and Barghi )

45.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46.    The Vehicles are property of the estate that the Trustee has standing to administer for the benefit of the Debtor's creditors.  The Trustee is not presently in possession of the Vehicles.

47.    The Trustee is informed and believes and based thereon alleges that the 2003 Lamborghini is in the possession of O'Gara.

48.    The Trustee is informed and believes and based thereon alleges that the Ferrari is in the possession of the Debtor.

49.    The Trustee is not aware of the true and accurate location of the 1991 Lamborghini or any other vehicle in which the Debtor holds an interest that the Trustee may subsequently discover.

50.    Pursuant to 11 U.S.C. § 542(a), the Trustee seeks an order compelling the turnover of the Vehicles from any party in possession of a Vehicle and any pink slip or other registration documentation so that she can administer the Vehicles for the benefit of the Debtor's creditors.

## THIRD CAUSE OF ACTION

(Injunctive Relief Against the Debtor and O'Gara, Aatchi and Barghi )

51.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    52.    The Vehicles are property of the estate that the Trustee has standing to

2    administer and that neither the Debtor, O'Gara, nor any other party has the legal right to

3    control or be in possession of it.

4    53.    In order to prevent the dissipation of assets of the bankruptcy estate, the

5    Trustee seeks an injunction, including a temporary restraining order, preventing the sale

6    or transfer of title of the Vehicles, preventing the Vehicles from being operated or

7    relocated without authorization of the Trustee, preventing the imposition of any liens or

8    other encumbrances on the Vehicles, preventing the Debtor or any other party from

9    exercising control over the Vehicles, ordering that the Vehicles and any pink slip or other

10    registration documentation be turned over to the Trustee at a time and place designated

11    by the Trustee for storage, preservation, protection, and administration, and any other

12    equitable relief that the Trustee deems necessary in order to preserve the Vehicles for the

13    benefit of the Debtor's creditors.

14    **FOURTH CAUSE OF ACTION**

15    (For Declaratory Relief Against the Debtor)

16    54.    The Trustee incorporates each and every allegation contained in paragraphs

17    1 through 53 as though fully set forth herein.

18    55.    The Trustee is informed and believes that as of the Petition Date the Debtor

19    held an interest in Zosma and any and all of its affiliates and subsidiaries, including, but

20    not limited to: Zosma Adventures, All Pro Science, Inc., APS, Formulated Sciences, Inc.,

21    Scilab Nutraceuticals, Inc., and Scilab Pharmaceuticals, Inc. (collectively with Zosma, the

22    "Companies"), and, as such, these interests are property of the Debtor's bankruptcy

23    estate pursuant to 11 U.S.C. § 541(a).

24    56.    The Trustee is informed and believes that the Debtor has failed to claim any

25    interests in or ownership of the Companies.  Nothing is listed on the Schedules.

26    57.    Because there is a dispute over the Debtor's interests in or ownership of the

27    Companies, declaratory relief is appropriate, and the Trustee seeks a judicial

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | determination that the Debtor's interests in the Companies are property of the Debtor's

2 | bankruptcy estate that she is entitled to administer for the benefit of the Debtor's creditors.

3 | **FIFTH CAUSE OF ACTION**

4 | (For Turnover Against the Debtor)

5 | 58.    The Trustee incorporates each and every allegation contained in paragraphs

6 | 1 through 57 as though fully set forth herein.

7 | 59.    The Debtor's interests in the Companies are property of the Estate that the

8 | Trustee has standing to administer for the benefit of the Debtor's creditors.

9 | 60.    Pursuant to 11 U.S.C. § 542(a), the Trustee seeks an order compelling the

10 | turnover of any and all documents evidencing the Debtor's interests in the Companies, all

11 | trademarks, patents, copyrights, brands, intellectual property, stock and/or share

12 | certificates, shareholder's agreements, operating agreements, trusts, and all corporate

13 | books and records and filings so that she can administer the Debtor's interests in the

14 | Companies for the benefit of the Debtor's creditors.

15 | **SIXTH CAUSE OF ACTION**

16 | (For Injunctive Relief Against the Debtor)

17 | 61.    The Trustee incorporates each and every allegation contained in paragraphs

18 | 1 through 60 as though fully set forth herein.

19 | 62.    The Debtor's interests in the Companies are property of the Estate that the

20 | Trustee has standing to administer and that the Debtor has no legal right to control or be

21 | in possession of it.

22 | 63.    In order to prevent the dissipation of assets of the bankruptcy estate, the

23 | Trustee seeks an injunction, including a temporary restraining order, preventing the sale

24 | or transfer of the Debtor's interests in the Companies as well as the Companies'

25 | trademarks, patents, copyrights, brands, and intellectual property, and any other equitable

26 | relief that the Trustee deems necessary in order to preserve the Debtor's interests in

27 | these companies for the benefit of the Debtor's creditors.

28 |

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief Against the Debtor)

64.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 63 as though fully set forth herein.

65.    The Trustee is informed and believes and based thereon alleges that as of the Petition Date, the Debtor was entitled to possession and ownership of the Memorabilia and, as such, the Memorabilia are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a).

66.    The Trustee is informed and believes that the Debtor has denied ownership of the Memorabilia as it was not listed on the Schedules.

67.    Because there is a dispute over ownership of the Memorabilia, declaratory relief is appropriate, and the Trustee seeks a judicial determination that the Memorabilia are property of the Debtor's bankruptcy estate that she is entitled to administer for the benefit of the Debtor's creditors.

## EIGHTH CAUSE OF ACTION

### (For Turnover Against the Debtor)

68.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 67 as though fully set forth herein.

69.    The Memorabilia are property of the Estate that the Trustee has standing to administer for the benefit of the Debtor's creditors.  The Trustee is not presently in possession of the Memorabilia.

70.    The Trustee is informed and believes and based thereon alleges that the Memorabilia is in the possession of the Debtor.

71.    Pursuant to 11 U.S.C. § 542(a), the Trustee seeks an order compelling the turnover of the Memorabilia from any party in possession of the Memorabilia and any related documentation so that she can administer the Memorabilia for the benefit of the Debtor's creditors.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### NINTH CAUSE OF ACTION

#### (Injunctive Relief Against the Debtor)

72.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 71 as though fully set forth herein.

73.    The Memorabilia are property of the estate that the Trustee has standing to administer and that the Debtor nor any other party has the legal right to control or be in possession of it.

74.    In order to prevent the dissipation of assets of the bankruptcy estate, the Trustee seeks an injunction, including a temporary restraining order, preventing the sale or transfer of title of the Memorabilia, preventing the imposition of any liens or other encumbrances on the Memorabilia, preventing the Debtor or any other party from exercising control over the Memorabilia, ordering that the Memorabilia and any related documentation be turned over to the Trustee at a time and place designated by the Trustee for storage, preservation, protection, and administration, and any other equitable relief that the Trustee deems necessary in order to preserve the Memorabilia for the benefit of the Debtor's creditors.

**WHEREFORE**, the Trustee prays the Court enter a judgment against the defendants as follows:

#### On the First Claim for Relief

1.    Finding that the Vehicles are property of the Debtor's bankruptcy estate that only the Trustee has standing to administer for the benefit of the Debtor's creditors.

#### On the Second Claim for Relief

2.    Ordering that the Vehicles and any pink slip or other registration documentation be turned over to the Trustee pursuant to 11 U.S.C. § 542 at a time and place designated by the Trustee so that the Trustee can store, preserve, protect, and administer the Vehicles for the benefit of the Debtor's creditors.

**On the Third Claim for Relief**

3.    Enjoining (1) the sale or transfer of title of the Vehicles, (2) the Vehicles from being operated or relocated without authorization of the Trustee, (3) the imposition of any liens or other encumbrances on the Vehicles, (4) the Debtor or any other party from exercising control over the Vehicles, and ordering that the Vehicles and any pink slip or other registration documentation be turned over to the Trustee at a time and place designated by the Trustee for storage, preservation, protection, and administration, and any other equitable relief that the Trustee deems necessary in order to preserve the Vehicles for the benefit of the Debtor's creditors.

**On the Fourth Claim for Relief**

4.    Finding that the Debtor's interests in the Companies are property of the Debtor's bankruptcy estate that only the Trustee has standing to administer for the benefit of the Debtor's creditors.

**On the Fifth Claim for Relief**

5.    Ordering that any and all documents evidencing the Debtor's interest in the Companies, all trademarks, patents, copyrights, brands, intellectual property, stock and/or share certificates, shareholder's agreements, operating agreements, trusts, and all corporate books and records and filings be turned over to the Trustee pursuant to 11 U.S.C. § 542(a) so that the Trustee can administer the Debtor's interests in the Companies for the benefit of the Debtor's creditors.

**On the Sixth Claim for Relief**

6.    Enjoining the sale or transfer of the Debtor's interests in the Companies as well as the Companies' trademarks, patents, copyrights, brands, and intellectual property, and any other equitable relief that the Trustee deems necessary in order to preserve the Debtor's interests in these Companies for the benefit of the Debtor's creditors.

**On the Seventh Claim for Relief**

7.    Finding that the Memorabilia are property of the Debtor's bankruptcy estate that only the Trustee has standing to administer for the benefit of the Debtor's creditors.

1

### On the Eighth Claim for Relief

2    8.    Ordering that the Memorabilia and related documentation be turned over to

3  the Trustee pursuant to 11 U.S.C. § 542 at a time and place designated by the Trustee so

4  that the Trustee can store, preserve, protect, and administer the Memorabilia for the

5  benefit of the Debtor's creditors.

6

### On the Ninth Claim for Relief

7    9.    Enjoining (1) the sale or transfer of title of the Memorabilia, (2) the imposition

8  of any liens or other encumbrances on the Memorabilia, (3) the Debtor or any other party

9  from exercising control over the Memorabilia, and ordering that the Memorabilia and any

10  related documentation be turned over to the Trustee at a time and place designated by

11  the Trustee for storage, preservation, protection, and administration, and any other

12  equitable relief that the Trustee deems necessary in order to preserve the Memorabilia for

13  the benefit of the Debtor's creditors.

14

### On all Claims for Relief

15    10.    For a constructive trust imposed on all interests of the Debtor in the property

16  described herein.

17    11.    For attorney's fees to the extent permitted by applicable law;

18    12.    For costs of suit; and

19    13.    For such other and further relief as the Court deems just and proper.

20

21                               Respectfully submitted,

22  Dated:  October 27, 2014        WEILAND GOLDEN LLP

23

24                               By: _____

25                                   JEFFREY I. GOLDEN
                                     Attorneys for Chapter 7 Trustee,
                                     Weneta M.A. Kosmala

26

27

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

B1 (Official Form Case 8:14-bk-14529-TA    Doc 1    Filed 07/22/14    Entered 07/22/14 16:05:51    Desc

| UNITED STATES BANKRUPTCY Main Document Page 1 of 18 | VOLUNTARY PETITION |
|---|---|
| Central District of California | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Edalat, Paul | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>2974 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>401 Rockefeller #1201<br>Irvine, Ca<br>ZIP CODE 92612 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Orange | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter)*.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

EXHIBIT 1  PAGE  16

B1 (Official Form 1) Case 8:14-bk-14529-TA    Doc 1    Filed 07/22/14    Entered 07/22/14 16:05:51    Desc    Page 2
Main Document    Page 2 of 18

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Edalat, Paul |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: Central California | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | x    /s/ Dennis Winters<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

EXHIBIT 1  PAGE  17

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Edalat, Paul |
|---|---|

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

x    /s/Paul Edalat
Signature of Debtor

x
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

x
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

**Signature of Attorney***

x    /s/ Dennis Winters
Signature of Attorney for Debtor(s)
Dennis Winters,
Printed Name of Attorney for Debtor(s)
Winters Law Firm
Firm Name

1820 East 17th Street
Santa Ana, CA 92705
Address
714-836-1381          E-mail:winterslawfirm@cs.com
Telephone Number
04/24/2014
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

x
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

x
Signature

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

EXHIBIT 1  PAGE  18

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
Dennis Winters 99972
Winters Law Firm
1820 East 17th Street
Santa Ana, CA  92705-6604
Tele: (714) 836-1321  Fax: (714) 542-2495

☑ Attorney for

FOR COURT USE ONLY

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re
Edalat, Paul

Debtor(s).

CASE NO.:
CHAPTER: 7
ADV. NO.:

ELECTRONIC FILING DECLARATION
(INDIVIDUAL)

☑ Petition, statement of affairs, schedules or lists       Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists   Date Filed: _____
☐ Other: _____       Date Filed: _____

PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

_____        July 22, 2014
Signature of Signing Party       Date

Paul Edalat
Printed Name of Signing Party

_____        _____
Signature of Joint Debtor (if applicable)    Date

_____
Printed Name of Joint Debtor (if applicable)

PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

_____        July 22, 2014
Signature of Attorney for Signing Party     Date

Dennis Winters
Printed Name of Attorney for Signing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
November 2006

EXHIBIT 1  PAGE  19

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Central District of California

In re Paul Edadat                                           Case No._____
           Debtor                                                        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

EXHIBIT 1  PAGE  20

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                                  Page 2

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Paul Edalat

Date: 7/21/2014

EXHIBIT 1 PAGE 21

Certificate Number: 17572-CAC-CC-023846010



17572-CAC-CC-023846010

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 21, 2014</u>, at <u>7:20</u> o'clock <u>PM PDT</u>, <u>Paul p Edalat</u>
received from <u>Dollar Learning Foundation, Inc.</u>, an agency approved pursuant to
11 U.S.C. § 111 to provide credit counseling in the <u>Central District of California</u>,
an individual [or group] briefing that complied with the provisions of 11 U.S.C.
§§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a
copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>July 21, 2014</u>                    By:    <u>/s/Benjamin E Wunsch</u>

                                            Name:  <u>Benjamin E Wunsch</u>

                                            Title:  <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

EXHIBIT 1 PAGE 22

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    Santa Ana SA 05-13868 JB Chap. 7 2005 Discharged

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    None

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Santa Ana , California          /s/ Paul Eadalat
                                            Signature of Debtor

Date: 07/21/2014

                                            _____
                                            Signature of Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 1  PAGE  23

B 201 - Notice of Available Chapters (Rev. 06/14)          USBC, Central District of California

Name: Denis Winters, Winters Law Firm SBN 89872

Address: 1820 E. 17th Street

Santa Ana, CA 92705

Telephone: 714-836-1381          Fax: 714-542-2495

☑ Attorney for Debtor
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>Paul Edalat | Case No.: |
| | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.  Services Available from Credit Counseling Agencies

    **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days <u>before</u> the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

    **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

EXHIBIT 1 PAGE 24

B 201 - Notice of Available Chapters (Rev. 06/14)                                            USBC, Central District of California

**2.    The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

    **Chapter 7:  Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

    **Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**
1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2.  Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

    **Chapter 11:  Reorganization ($1167 filing fee, $550 administrative fee: Total fee $1717)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

    **Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.    Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

EXHIBIT 1 PAGE  25

B 201 - Notice of Available Chapters (Rev. 06/14)    USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition Address: preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

X_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Paul Edalat
_____
Printed Name(s) of Debtor(s)

/s/ Paul Edalat    7/21/2104
_____
Signature of Debtor    Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)    Date

EXHIBIT 1  PAGE  26

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Dennis Winters, Esquire<br>Bar No. 89872<br>WINTERS LAW FIRM<br>1820 East 17th Street<br>Santa Ana, CA 92705<br>Telephone: (714) 836-1381<br>Facsimile: (714) 542-2495<br>Email: winterslawfirm@cs.com<br><br>*Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Paul Edalat<br><br><br><br><br>Debtor(s). | CASE NO.:<br>CHAPTER: 7<br><br>**DECLARATION RE: LIMITED SCOPE OF<br>APPEARANCE PURSUANT TO LBR 2090-1**<br><br>[No Hearing Required] |
|---|---|

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.  I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.  On *(specify date)* 07/17/2014 ____, I agreed with the Debtor that for a fee of $ 4,665.00 _____, I would provide the following services only:

     a.  ☒  Prepare and file the Petition and Schedules
     b.  ☒  Represent the Debtor at the 341(a) Meeting
     c.  ☒  Represent the Debtor in any relief from stay motions
     d.  ☐  Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to
             11 U.S.C. § 727
     e.  ☐  Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under
             11 U.S.C. § 523
     f.  ☐  Other *(specify):*

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 1  PAGE  27

3.   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this
     declaration was executed on the following date at the city set forth in the upper left-hand corner of the prior page.

Date: 07/21/2014

I HEREBY APPROVE THE ABOVE:

Winters Law Firm
Printed name of law firm

/s/ Paul Edalat
Signature of Debtor

/s/ Dennis Winters
Signature of attorney

Dennis Winters
Printed name of attorney

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      Page 2                        **F 2090-1.1.DEC.LTD.SCOPE**

EXHIBIT 1  PAGE  28

### United States Bankruptcy Court
### Central District of California, Santa Ana Division

IN RE:                                                                  Case No. _____

Edalat, Paul _____    Chapter **7** _____
                            Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................................ $ _____ 4,665.00

    Prior to the filing of this statement I have received ................................................ $ _____ 4,665.00

    Balance Due ..................................................................................... $ _____ 0.00

2.  The source of the compensation paid to me was:  ☑ Debtor  ☐ Other (specify):

3.  The source of compensation to be paid to me is:  ☐ Debtor  ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]
    **Representation at any Relief from Stay proceeding.**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

July 22, 2014                    */s/ Dennis Winters*
_____                 _____
Date                             Dennis Winters 89872
                                 Winters Law Firm
                                 1820 East 17th Street
                                 Santa Ana, CA 92705-8604
                                 (714) 836-1381  Fax: (714) 542-2495
                                 winterslawfirm@cs.com

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE 29

**United States Bankruptcy Court**
**Central District of California, Santa Ana Division**

IN RE:                                                              Case No. _____

Edalat, Paul _____    Chapter **7** _____
                        Debtor(s)

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**3** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.


Date: **July 22, 2014** _____    Signature: _/s/ Paul Edalat_ _____
                                                            **Paul Edalat**
                                                                                              Debtor


Date: _____    Signature: _____
                                                                                              Joint Debtor, if any


Date: **July 22, 2014** _____    Signature: _/s/ Dennis Winters_ _____
                                                            **Dennis Winters 89872**
                                                                                              Attorney (if applicable)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  30

Paul Edalat
401 Rockefller
#1201
Irvine, CA  92612


Winters Law Firm
1820 East 17th Street
Santa Ana, CA  92705-8604


US Trustee Santa Ana
411 W 4th St
Santa Ana, CA  92701

EXHIBIT 1  PAGE  31

Audi Financial Services
Box 5125
Carol Springs, IL  60197


Cabelas Club Visa
Box 82519
Lincoln, NE  68501-2519


Capital One
BOX 30285
Salt Lake City, UT  84130


Fact Products
C/O Todd Mannis Esq
4764 Park Granada Ste 206
Calabassas, CA  91302


Gateway Lending
160 Riverview Drive
Anaheim, CA  92808


Internal Revenue Sevice
Box 7346
Philadephia, PA  19101-7346


Luberski Inc
499 West Shaw Ave Suite 116
Fresno, CA  93704


Pentagon Federal Credit Union
BOX 1432
Alexandria, VA  22313


State Of California-SBE
BOX 942879
Sacramento, CA  94279


EXHIBIT 1  PAGE  32

```
Zamucen and Curren
C/O Lacey L Navarrette
17848 Sky Park Circle Ste C
Irvine, CA  92614
```

EXHIBIT 1  PAGE  33

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Central District of California, Santa Ana Division**

IN RE:                                                                    Case No. 8:14-bk-14529 TA

Edalat, Paul                                                           Chapter 7

                                        Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 50,250.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 66,685.51 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 101,493.27 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 1,657,700.76 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 3,000.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,550.00 |
| TOTAL | | 14 | $ 50,250.00 | $ 1,825,879.54 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1 PAGE 34

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Central District of California, Santa Ana Division**

IN RE:                                                    Case No. 8:14-bk-14529 TA

Edalat, Paul                                             Chapter 7
_____
        Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 101,493.27 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 101,493.27 |

State the following:

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 3,000.00 |
| Average Expenses (from Schedule J, Line 18) | $ | 2,550.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ | 0.00 |

State the following:

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 27,032.76 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $   101,493.27 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 1,657,700.76 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 1,684,733.52 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  35

B6A (Official Form 6A) (12/07)

Case 8:14-bk-14529-TA   Doc 10   Filed 08/15/14   Entered 08/15/14 18:13:21   Desc
Main Document     Page 3 of 38

IN RE Edalat, Paul
_____
           Debtor(s)

Case No. 8:14-bk-14529 TA
                    (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | TOTAL | 0.00 | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  36

B6B (Official Form 6B) (12/07)

IN RE Edalat, Paul
_____
Debtor(s)

Case No. 8:14-bk-14529 TA
(If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | 500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo; Checking | | 2,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | Sofa, television, house furniture, etc. | | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, pictures | | 50.00 |
| 6. Wearing apparel. | | Clothes | | 100.00 |
| 7. Furs and jewelry. | | Watch | | 1,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  37

B6B (Official Form 6B) (12/07) - Cont.

IN RE Edalat, Paul

_____
Debtor(s)

Case No. 8:14-bk-14529 TA
(If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2009 Mercedes Benz S63, 2014 Audi A4 | | 38,000.00 3,100.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  38

B6B (Official Form 6B) (12/07) - Cont.

IN RE Edalat, Paul

Debtor(s)

Case No. 8:14-bk-14529 TA

(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | 50,250.00 |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ 0 continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1 PAGE 39

B6C (Official Form 6C) (04/10)

IN RE Edalat, Paul
_____
Debtor(s)

Case No. **8:14-bk-14529 TA**
_____
(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash | CCCP § 703.140(b)(5) | 500.00 | 500.00 |
| Wells Fargo; Checking | CCCP § 703.140(b)(5) | 2,000.00 | 2,000.00 |
| Sofa, television, house furniture, etc. | CCCP § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| Books, pictures | CCCP § 703.140(b)(3) | 50.00 | 50.00 |
| Clothes | CCCP § 703.140(b)(3) | 100.00 | 100.00 |
| Watch | CCCP § 703.140(b)(4) | 1,500.00 | 1,500.00 |
| 2009 Mercedes Benz S63, | CCCP § 703.140(b)(2) | 4,100.00 | 38,000.00 |
| 2014 Audi A4 | CCCP § 703.140(b)(2) | 1,000.00 | 3,100.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  40

B6D (Official Form 6D) (12/07)

IN RE Edalat, Paul                                                                   Case No. 8:14-bk-14529 TA
_____                                              _____
                        Debtor(s)                                                            (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6461<br><br>**Audi Financial Services**<br>**Box 5125**<br>**Carol Springs, IL  60197** | | | Auto Loan<br><br><br>VALUE $ **3,100.00** | | | | 30,132.76 | 27,032.76 |
| ACCOUNT NO. 4485<br><br>**Gateway Lending**<br>**160 Riverview Drive**<br>**Anaheim, CA  92808** | | | Auto Loan<br><br><br>VALUE $ **38,000.00** | | | | 36,552.75 | |
| ACCOUNT NO.<br><br><br> | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br><br>VALUE $ | | | | | |

_____ 0 continuation sheets attached

|  | Subtotal<br>(Total of this page) | $ 66,685.51 | $ 27,032.76 |
|---|---|---|---|
|  | Total<br>(Use only on last page) | $ 66,685.51 | $ 27,032.76 |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

EXHIBIT 1  PAGE  41

B6E (Official Form 6E) (04/10)

IN RE Edalat, Paul

Debtor(s)

Case No. 8:14-bk-14529 TA
(If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___1___ continuation sheets attached

EXHIBIT 1  PAGE  42

B6E (Official Form 6E) (04/13) - Cont.

IN RE Edalat, Paul                                                         Case No. 8:14-bk-14529 TA
_____                              _____
              Debtor(s)                                                              (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Internal Revenue Sevice<br>Box 7346<br>Philadephia, PA  19101-7346 | | | RE: Taleo Mexican Grill | | | | 30,000.00 | 30,000.00 | |
| ACCOUNT NO.<br>State Of California-SBE<br>BOX 942879<br>Sacramento, CA  94279 | | | Taxes | | | | 71,493.27 | 71,493.27 | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ___1___ of ___1___ continuation sheets attached to         Subtotal      $ 101,493.27 | $ 101,493.27 | $
Schedule of Creditors Holding Unsecured Priority Claims         (Totals of this page)

                                                                            Total
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)   $ 101,493.27

                                                                            Total
(Use only on last page of the completed Schedule E. If applicable,
report also on the Statistical Summary of Certain Liabilities and Related Data.)         $ 101,493.27 | $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  43

B6F (Official Form 6F) (12/07)

IN RE Edalat, Paul _____    Case No. __8:14-bk-14529 TA__
                    Debtor(s)                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0445<br><br>**Cabelas Club Visa**<br>**Box 82519**<br>**Lincoln, NE  68501-2519** | | | Credit Card 2014 | | | | 3,939.59 |
| ACCOUNT NO. 5927<br><br>**Capital One**<br>**BOX 30285**<br>**Salt Lake City, UT  84130** | | | Credit Card 2014 | | | | 278.17 |
| ACCOUNT NO.<br><br>**Fact Products**<br>**C/O Todd Mannis, Esq**<br>**4764 Park Granada, Ste 206**<br>**Calabassas, CA  91302** | | | Law Suit | | | X | 33,720.00 |
| ACCOUNT NO.<br><br>**Luberski, Inc**<br>**499 West Shaw Ave Suite 116**<br>**Fresno, CA  93704** | X | | Guaranty of Loan | | | X | 1,600,000.00 |

__1__ continuation sheets attached

Subtotal    $ 1,637,937.76
(Total of this page)

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  44

B6F (Official Form 6F) (12/07) - Cont.

IN RE Edalat, Paul

_____
Debtor(s)    (If known)

Case No. 8:14-bk-14529 TA

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0005 <br> **Pentagon Federal Credit Union** <br> **BOX 1432** <br> **Alexandria, VA  22313** | | | Credit Card 2014 | | | | 1,317.00 |
| ACCOUNT NO. <br> **Zamucen and Curren** <br> **C/O Lacey L. Navarrette** <br> **17848 Sky Park Circle, Ste. C** <br> **Irvine, CA  92614** | | | | | | | 18,446.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $  19,763.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $  1,657,700.76

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  45

B6G (Official Form 6G) (12/07)

IN RE Edalat, Paul
_____
Debtor(s)

Case No. 8:14-bk-14529 TA
_____
(If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  46

B6H (Official Form 6H)(12/07)

IN RE Edalat, Paul _____     Case No. 8:14-bk-14529 TA
                    Debtor(s)                                        (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Scilabs Natraceuticals<br>Irvine, CA | Luberski, Inc<br>499 West Shaw Ave Suite 116<br>Fresno, CA  93704 |

EXHIBIT 1  PAGE  47

B6I (Official Form 6I) (12/07)

IN RE Edalat, Paul                                                              Case No. 8:14-bk-14529 TA
                        Debtor(s)                                                    (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Pres.** | |
| Name of Employer | **Scilabs Natraceuticals** | |
| How long employed | **6 years** | |
| Address of Employer | **Irvine,** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | | $ _____ | $ _____ |
| 2. Estimated monthly overtime | | $ _____ | $ _____ |
| 3. SUBTOTAL | | $ **0.00** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|   a. Payroll taxes and Social Security | | $ _____ | $ _____ |
|   b. Insurance | | $ _____ | $ _____ |
|   c. Union dues | | $ _____ | $ _____ |
|   d. Other (specify) _____ | | $ _____ | $ _____ |
| | | $ _____ | $ _____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ **0.00** | $ _____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ **0.00** | $ _____ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ _____ | $ _____ |
| 8. Income from real property | | $ _____ | $ _____ |
| 9. Interest and dividends | | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ _____ | $ _____ |
| 11. Social Security or other government assistance | | $ _____ | $ _____ |
|   (Specify) | | $ _____ | $ _____ |
| 12. Pension or retirement income | | $ _____ | $ _____ |
| 13. Other monthly income | | | |
|   (Specify) <u>Family Support</u> | | $ **3,000.00** | $ _____ |
| | | $ _____ | $ _____ |
| | | $ _____ | $ _____ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | | $ **3,000.00** | $ _____ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | | $ **3,000.00** | $ _____ |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)    $ _____ **3,000.00**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor's home and auto expenses paid by Employer in lieu of salary**

*(left margin, rotated)* © 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE 48

B6J (Official Form 6J) (12/07)

IN RE Edalat, Paul _____    Case No. 8:14-bk-14529 TA
                    Debtor(s)                                         (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | _____ |
|    a. Are real estate taxes included?   Yes ____  No ✓ | | |
|    b. Is property insurance included?   Yes ____  No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | _____ |
|    b. Water and sewer | $ | _____ |
|    c. Telephone | $ | _____ |
|    d. Other | $ | _____ |
| | $ | _____ |
| 3. Home maintenance (repairs and upkeep) | $ | _____ |
| 4. Food | $ | 900.00 |
| 5. Clothing | $ | 250.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 400.00 |
| 8. Transportation (not including car payments) | $ | 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | _____ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | _____ |
|    b. Life | $ | _____ |
|    c. Health | $ | _____ |
|    d. Auto | $ | _____ |
|    e. Other | $ | _____ |
| | $ | _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) _____ | $ | _____ |
| | $ | _____ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | _____ |
|    b. Other | $ | _____ |
| | $ | _____ |
| 14. Alimony, maintenance, and support paid to others | $ | _____ |
| 15. Payments for support of additional dependents not living at your home | $ | _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | _____ |
| 17. Other  Misc., Personal Care, Reserve | $ | 300.00 |
| | $ | _____ |
| | $ | _____ |

| | | |
|---|---|---|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. | $ | 2,550.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

| | | |
|---|---|---|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|    a. Average monthly income from Line 15 of Schedule I | $ | 3,000.00 |
|    b. Average monthly expenses from Line 18 above | $ | 2,550.00 |
|    c. Monthly net income (a. minus b.) | $ | 450.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  49

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE Edalat, Paul                                                      Case No. 8:14-bk-14529 TA
         Debtor(s)                                                              (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____16 sheets, and that they are
true and correct to the best of my knowledge, information, and belief.

Date: AUGUST 15, 2014      Signature: _____
                                        Paul Edalat                              Debtor

Date: _____       Signature: _____
                                                              (Joint Debtor, if any)
                                        [If joint case, both spouses must sign.]

#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for
compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h),
and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by
bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting
any fee from the debtor, as required by that section.

_____           _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social Security No. (Required by 11 U.S.C. § 110.)
If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal,
responsible person, or partner who signs the document.

_____
Address

_____           _____
Signature of Bankruptcy Petition Preparer                                     Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer
is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or
imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a
member or an authorized agent of the partnership) of the _____
(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and
schedules, consisting of _____ sheets (total shown on summary page plus 1), and that they are true and correct to the best of my
knowledge, information, and belief.

Date: _____       Signature: _____

                                        _____
                                        (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 1 PAGE 50

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

Central District of California

In re: __Paul Edalat_____ ,        Case No. __8:14-bk-14529 TA_____
                    Debtor                                           (if known)

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which
the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish
information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional,
should provide the information requested on this statement concerning all such activities as well as the individual's personal
affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the
child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C.
§112 and Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also
must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If
additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name,
case number (if known), and the number of the question.

### DEFINITIONS

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An
individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding
the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of
the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-
employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor
engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary
employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and
their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in
control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of
the debtor. 11 U.S.C. § 101(2), (31).

---

    1.  **Income from employment or operation of business**

None
☐     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
      the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
      beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
      two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
      the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
      of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
      under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
      spouses are separated and a joint petition is not filed.)

      AMOUNT                                SOURCE

              None, except housing and auto expense amount unknown.

EXHIBIT 1  PAGE  51

B7 (Official Form 7) (04/13)                                                                                      2

### 2.  Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

2013-$36,000 family support
2014 to date- Approxiamtely $24,000.00 Family support

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

EXHIBIT 1  PAGE  52

B7 (Official Form 7) (04/13)                                                              3

None
☑  c.  *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case
       to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must
       include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
       a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
|  |  |  |  |

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐  a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
       preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
       information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
       and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Scilabs v Luberski; 30-2012-00594049-CU-CO-CJ | Suit for money, Cross for foreclos. | Orange County Superior Court | Pending |

None
☑  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
       year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
       must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
       the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

---

**5.  Repossessions, foreclosures and returns**

None
☑     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
      of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
      (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
      spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

---

EXHIBIT 1  PAGE  53

B7 (Official Form 7) (04/13)                                                                              4

**6.  Assignments and receiverships**

None    a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
☑    commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS<br>OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF<br>ASSIGNMENT<br>OR SETTLEMENT |
| --- | --- | --- |

None    b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year**
☑    immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)



| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION<br>AND VALUE<br>Of PROPERTY |
| --- | --- | --- | --- |

---

**7.  Gifts**

None    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case
☑    except ordinary and usual gifts to family members aggregating less than **$200** in value per individual family member
and charitable contributions aggregating less than **$100** per recipient. (Married debtors filing under chapter 12 or
chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)



| NAME AND ADDRESS<br>OF PERSON<br>OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR,<br>IF ANY | DATE<br>OF  GIFT | DESCRIPTION<br>AND VALUE<br>OF GIFT |
| --- | --- | --- | --- |

---

**8.  Losses**

None    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement
☑    of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must
include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| DESCRIPTION<br>AND VALUE OF<br>PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY  INSURANCE, GIVE PARTICULARS | DATE<br>OF LOSS |
| --- | --- | --- |

---

EXHIBIT 1  PAGE  54

B7 (Official Form 7) (04/13)                                                                          5

### 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Dollar Learning Foundation | July 21, 2014 | $20 |
| Dennis Winters | July 21, 2014 | $5000 |

### 10. Other transfers

None ☑   a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of
the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑   b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case
to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Chase Bank | Checking, 4658, $10,000 | $10,000 - 2/2014 |

EXHIBIT 1  PAGE  55

B7 (Official Form 7) (04/13)                                                                 6

### 12.  Safe deposit boxes

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15.  Prior address of debtor

None ☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

EXHIBIT 1  PAGE  56

B7 (Official Form 7) (04/13)                                                                                              7

**16. Spouses and Former Spouses**

None
☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight
years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination,
releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or
other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes,
or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or
formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous
material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑    a. List the name and address of every site for which the debtor has received notice in writing by a governmental
unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the
governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
☑    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release
of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME<br>AND ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
☑    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party
to the proceeding, and the docket number.

| NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR<br>DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

EXHIBIT 1  PAGE  57

B7 (Official Form 7) (04/13)                                                                                                  8

other activity either full- or part-time within six years immediately preceding the commencement of this case, or in
which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the
commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and
beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the
voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and
beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the
voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Scilabs Nutraceutical | 26-4075199 | 17809 Gillette 9261 | contract manuf. Pres., no stock | Jan 09-present |

None
☑      b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as
        defined in 11 U.S.C. § 101.

        NAME                                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an
officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a
partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity,
either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in
business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been
in business within those six years should go directly to the signature page.)*

---

19. Books, records and financial statements

None
☑      a. List all bookkeepers and accountants who within two years immediately preceding the filing of this
        bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

        NAME AND ADDRESS                                                    DATES SERVICES RENDERED

None
☐      b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy
        case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Bill Pierce | 479 N Tustin St #7 Orangee, CA 92867 | 2010-2013 |

EXHIBIT 1  PAGE  58

B7 (Official Form 7) (04/13)                                                                            9

None
☐  c. List all firms or individuals who at the time of the commencement of this case were in possession of the
    books of account and records of the debtor.  If any of the books of account and records are not available, explain.

    NAME                                             ADDRESS
      Paul Edalat                                    1401 Rockefeller 1201, Irvine
                                                     CA 92612

None
☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
    financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

    NAME AND ADDRESS                                 DATE ISSUED

---

**20. Inventories**

None
☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
    taking of each inventory, and the dollar amount and basis of each inventory.

    DATE OF INVENTORY         INVENTORY SUPERVISOR        DOLLAR AMOUNT
                                                          OF INVENTORY
                                                          (Specify cost, market or other basis)

None
☑  b. List the name and address of the person having possession of the records of each of the inventories reported
    in a., above.

    DATE OF INVENTORY                                 NAME AND ADDRESSES
                                                      OF CUSTODIAN
                                                      OF INVENTORY RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
    partnership.

    NAME AND ADDRESS          NATURE OF INTEREST      PERCENTAGE OF INTEREST

None
☑  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
    directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
    corporation.
                                                      NATURE AND PERCENTAGE
    NAME AND ADDRESS          TITLE                   OF STOCK OWNERSHIP

---

EXHIBIT 1  PAGE  59

B7 (Official Form 7) (04/13)                                                                                      10

**22 . Former partners, officers, directors and shareholders**

None  a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
☑      preceding the commencement of this case.

  NAME                                   ADDRESS                      DATE OF WITHDRAWAL

None  b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated
☑      within one year immediately preceding the commencement of this case.

  NAME AND ADDRESS                       TITLE                        DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
☑      including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
       during one year immediately preceding the commencement of this case.

  NAME & ADDRESS                         DATE AND PURPOSE             AMOUNT OF MONEY
  OF RECIPIENT,                          OF WITHDRAWAL                OR DESCRIPTION
  RELATIONSHIP TO DEBTOR                                              AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any
☑      consolidated group for tax purposes of which the debtor has been a member at any time within **six years**
       immediately preceding the commencement of the case.

  NAME OF PARENT CORPORATION             TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to
☑      which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately
       preceding the commencement of the case.

  NAME OF PENSION FUND                   TAXPAYER-IDENTIFICATION NUMBER (EIN)


* * * * * *


EXHIBIT 1  PAGE  60

B8 (Official Form 8) (12/08)

## United States Bankruptcy Court
### Central District of California, Santa Ana Division

| | |
|---|---|
| IN RE: | Case No. <u>8:14-bk-14529 TA</u> |
| <u>Edalat, Paul</u> | Chapter <u>7</u> |
| Debtor(s) | |

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

**Property No. 1**

| Creditor's Name:<br>**Audi Financial Services** | Describe Property Securing Debt:<br>**2014 Audi A4** |
|---|---|

Property will be *(check one)*:
☐ Surrendered    ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☑ Claimed as exempt    ☐ Not claimed as exempt

**Property No. 2 (if necessary)**

| Creditor's Name:<br>**Gateway Lending** | Describe Property Securing Debt:<br>**2009 Mercedes Benz S63,** |
|---|---|

Property will be *(check one)*:
☐ Surrendered    ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☑ Claimed as exempt    ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

**Property No. 1**

| Lessor's Name: | Describe Leased Property: | Lease will be assumed pursuant to<br>11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |
|---|---|---|

**Property No. 2 (if necessary)**

| Lessor's Name: | Describe Leased Property: | Lease will be assumed pursuant to<br>11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |
|---|---|---|

_____ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: <u>AUGUST 15, 2014</u>

Signature of Debtor

Signature of Joint Debtor

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE  61

February 2006                                                    2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re Edalat, Paul | CHAPTER:7 |
| Debtor(s). | CASE NO.: 8:14-bk-14529 TA |

## DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, **Edalat, Paul**_____ , the debtor in this case, declare under penalty
(Print Name of Debtor)
of perjury under the laws of the United States of America that:

☐ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☒ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____**PAUL EDALAT**_____ , the debtor in this case, declare under penalty
(Print Name of Joint Debtor, if any)
of perjury under the laws of the United States of America that:

☐ I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐ I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐ I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date: ___**8/15/2014**_____    Signature

_____
                                                                                    *Debtor*

Date: _____    Signature

_____
                                                                                    *Joint Debtor (if any)*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT 1  PAGE 62

B22A (Official Form 22A) (Chapter 7) (12/10)

In re   Paul Edalat
_____
                Debtor(s)

Case Number:   8:14-bk-14529 TA
_____
                (If known)

According to the information required to be entered on this statement
(check the box as directed in Part I, III, or VI of this statement):

☐ The presumption arises.
☒ The presumption does not arise.
☐ The presumption is temporarily inapplicable.

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statement if they believe this is required by § 707(b)(2)(C).

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|

| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. § 901(1)). |
|---|---|
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☒ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>    ☐ I remain on active duty /or/<br>    ☐ I was released from active duty on , which is less than 540 days before this bankruptcy case was filed;<br>        OR<br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>    ☐ I performed homeland defense activity for a period of at least 90 days, terminating on , which is less than 540 days before this bankruptcy case was filed. |

EXHIBIT 1  PAGE  63

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only Column A ("Debtor's Income") for Lines 3-11.<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.<br>d. ☐ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** Debtor's Income | **Column B** Spouse's Income |
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | | |
| 4 | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. | | |
| | a. Gross receipts | | |
| | b. Ordinary and necessary business expenses | | |
| | c. Business income | Subtract Line b from Line a | |
| 5 | Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V. | | |
| | a. Gross receipts | | |
| | b. Ordinary and necessary operating | | |
| | c. Rent and other real property income | Subtract Line b from Line a | |
| 6 | Interests, dividends, and royalties. | | |
| 7 | Pension and retirement income. | | |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | |
| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor | Spouse | | |

EXHIBIT 1  PAGE  64

| | | | |
|---|---|---|---|
| 10 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Do not include alimony or separate maintenance paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <br><br> a. <br> b. <br><br> Total and enter on Line 10 | | |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | |
|---|---|
| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. |
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter the debtor's state of residence:          b. Enter debtor's household size: |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br><br> ☐ The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. |

### Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | Enter the amount from Line 12. | |
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. <br><br> a. <br> b. <br> c. <br><br> Total and enter on Line 17. | |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | National Standards: food, clothing and other items. Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | |

EXHIBIT 1  PAGE 65

| 19B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | Persons 65 years of age or older | |
|---|---|---|---|
| a1. Allowance per person | | a1. Allowance per person | |
| b1. Number of persons | | b1. Number of persons | |
| c1. Subtotal | | c1. Subtotal | |

| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | |

| 20B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. Do not enter an amount less than zero. | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expenses | |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

| 21 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 20A 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |

| 22A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0 ☐ 1 ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court. | |

| 22B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |

EXHIBIT 1  PAGE  66

| 23 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) <br> ☐ 1  ☐ 2 or more. <br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. Do not enter an amount less than zero. | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |
| 24 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 23. <br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. Do not enter an amount less than zero. | |
| | a. | IRS Transportation Standards, Ownership Costs | |
| | b. | Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |
| 25 | Other Necessary Expenses; taxes. Enter the total average monthly expenses that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | |
| 26 | Other Necessary Expenses: involuntary deductions for employment. Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as voluntary 401(k) contributions. | |
| 27 | Other Necessary Expenses: life insurance. Enter total average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | |
| 28 | Other Necessary Expenses: court-ordered payments. Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. Do not include payments on past due support obligations included in Line 44. | |
| 29 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child. Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 30 | Other Necessary Expenses: childcare. Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | |
| 31 | Other Necessary Expenses: health care. Enter the total average monthly amount that you actually expend on health care expenses that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. Do not include payments for health insurance or health savings accounts listed in Line 34. | |
| 32 | Other Necessary Expenses: telecommunication services. Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | |
| 33 | Total Expenses Allowed under IRS Standards. Enter the total of Lines 19 through 32. | |

EXHIBIT 1  PAGE  67

| | **Subpart B: Additional Expense Deductions under § 707(b)** | | |
|---|---|---|---|
| | **Note: Do not include any expenses that you have listed in Lines 19-32** | | |
| 34 | Health Insurance, Disability Insurance and Health Savings Account Expenses. List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
| | | a. | Health Insurance | |
| | | b. | Disability Insurance | |
| | | c. | Health Savings Account | |
| | Total and enter on Line 34 | | |
| | If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below: | | |
| | $ _____ | | |
| 35 | Continued contributions to the care of household or family members. Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | | |
| 36 | Protection against family violence. Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | |
| 37 | Home energy costs. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary. | | |
| 38 | Education expenses for dependent children less than 18. Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | |
| 39 | Additional food and clothing expense. Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must demonstrate that the additional amount claimed is reasonable and necessary. | | |
| 40 | Continued charitable contributions. Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | |
| 41 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 34 through 40 | | |

EXHIBIT 1  PAGE  68

B22A (Official Form 22A) (Chapter 7) (04/10)

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 42 | Future payments of secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | | ☐ yes ☐ no |
| b. | | | | ☐ yes ☐ no |
| c. | | | | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and | |

| 43 | Other payments on secured claims. If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession of foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b, and c |

| 44 | Payments on prepetition priority claims. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. Do not include current obligations, such as those set out in Line 28. |
|---|---|

| 45 | Chapter 13 administrative expenses. If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. |
|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | |
|---|---|---|
| b. | Current multiplier for your district as determined under sched-rules issued by the Executive Office for US Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| 46 | Total Deductions for Debt Payment. Enter the total of Lines 42 through 45. |
|---|---|

| | **Subpart D: Total Deductions from Income** |
|---|---|

| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. |
|---|---|

EXHIBIT 1  PAGE  69

B22A (Official Form 22A) (Chapter 7) (2010)    Case 8:14-bk-14329-TA    Doc 10    Filed 08/15/14    Entered 08/15/14 18:13:21    Desc
Main Document    Page 37 of 38

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result. | |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | |
| 52 | Initial presumption determination. Check the applicable box and proceed as directed.<br>☐ The amount on Line 51 is less than $7,475. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ The amount set forth on Line 51 is more than $12,475. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ The amount on Line 51 is at least $7,475, but not more than $12,475. Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | Enter the amount of your total non-priority unsecured debt | |
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | |
| 55 | Secondary presumption determination. Check the applicable box and proceed as directed.<br>☐ The amount on Line 51 is less than the amount on Line 54. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | Part VII: ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 56 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | |

| | Part VIII: VERIFICATION | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. (If this is a joint case, both debtors must sign.)<br><br>Date:  8/15/14     Signature: X /s/ Paul Edalat<br><br>Date:     Signature: | |

EXHIBIT 1  PAGE  70

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Dennis Winters 89972<br>Winters Law Firm<br>1820 East 17th Street<br>Santa Ana, CA 92705-8604<br>Tele: (714) 836-1381 Fax: (714) 542-2495<br>☑ Attorney for | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re<br>Edalat, Paul | CASE NO.: 8:14-bk-14529 TA |
|---|---|
| | CHAPTER: 7 |
| Debtor(s). | ADV. NO.: |

### ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☑ Petition, statement of affairs, schedules or lists          Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists          Date Filed: _____
☐ Other: _____          Date Filed: _____

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

_____          8/15/2014
Signature of Signing Party                          Date

Paul Edalat
Printed Name of Signing Party

_____          _____
Signature of Joint Debtor (if applicable)          Date

_____
Printed Name of Joint Debtor (if applicable)

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

_____          8/15/14
Signature of Attorney for Signing Party          Date

Dennis Winters
Printed Name of Attorney for Signing Party

_____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
November 2006

EXHIBIT 1  PAGE  71



* INCOMPLETE APPLICATION**SEE ABOVE**THIS IS NOT AN OPERATING PERMIT *

| MAKE | | LICENSE NUMBER |
| ILAMO | | Z031578 |

| YR MODEL | YR 1ST SOLD | VLF CLASS | YR | TYPE VEH | TYPE LIC | VEHICLE/VESSEL ID NUMBER |
| BODY TYPE MODEL | | | | | | |
| 2D | 2003 | 0000 | MA | 2013 | 130 | 00 | ZA9BC10C531LA12407 |

| HP | NO | DATE ISSUED | CC/ALCO | IN FEE RECVD | PIC |
| G | UN | 02/01/13 | 30 | 02/01/13 | 0 |

TYPE VEHICLE/VESSEL USE
AUTOMOBILE

RDF REASONS: 5 N Z

ZOSMA ADVENTURES LLC
R OR PAUL EDALAT
/ 200 MCNEIL LN APT 110
O NEWPORT BEACH    92663
CA

| | AMOUNT DUE | | AMOUNT RECVD | | AMOUNT PAID |
| $ | 38.00 | CASH : | | $ | 38.00 |
| | | CHCK : | 38.00 | | |
| | | CRDT : | | | |

TITLE ONLY

L LUBERSKI INC
/ 310 N HARBOR BLVD #205
O FULLERTON    92832
CA

194 L4 0003800 0017 CS 020113 Z031578 407

EXHIBIT 2 PAGE 72



EXHIBIT 3  PAGE  73



A Public Service Agency

| MAKE | YR MODEL | | | | PNO-REG DEFERRED | | TYPE LIC | LICENSE NUMBER |
|------|----------|--|--|--|------------------|--|----------|----------------|
| LAMBO | 1991 | | | | | | 69 | DUZOXIN |
| BODY TYPE MODEL | HP | | | | | | VEHICLE ID NUMBER | |
| 2D | G | MO | | | | | ZA9DU07P3MLA12102 | |
| TYPE VEHICLE USE | | DATE ISSUED | VLF CLASS | | YR | TYPE VEH | STICKER ISSUED | |
| AUTOMOBILE | UN | 02/01/13 | LD | | 2004 | 170 | H8677085 | |

REGISTERED OWNER
ZOSMA VENTURES INC
OR EDALAT PAUL
24000 ALICIA PKWY APT 17326
MISSION VIEJO
CA                    92691

|  | YR 1ST SOLD | | CO/ALCO | | DT FEE RECVD | FXC | REG EXPIRES: 03/18/2013 |
|--|-------------|--|---------|--|--------------|-----|-------------------------|
|  | 0000 | | 30 | | 02/01/13 | L | |

                                    AMOUNT DUE                    AMOUNT PAID
                                 $  1522.00                    $  1522.00

LIENHOLDER
LUBERSKI INC
310 N HARBOR BLVD

FULLERTON
CA                    92832

                              AMOUNT RECVD
                         CASH :
                         CHCK :   1507.00
                         CRDT :     15.00

F11  V93  9D  0152200  0001  CS     F11  020113  69   DUZOXIN  102

DO NOT WET
TOP STICKER
PUT STICKER
AS SHOWN BELOW
MOTORCYCLES:
Top Half of
This Well

ALL OTHERS:
In Top
Right Well

1A

CALIFORNIA
1 SAM 123

EXHIBIT 4  PAGE  74

FORM B104  (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>PAUL EDALAT | DEFENDANTS<br>PAUL EDALAT, O'GARA COACH BEVERLY HILLS, ED<br>BILEZEKCHIAN, FARAH BARGHI, MALI AATCHI |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN LLP, 650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626 714/966-1000 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief, Turnover and Injunctive Relief

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [3] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

RECEIVED
OCT 27 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:
Deputy Clerk

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Paul Edalat | 8:14-bk-14529TA |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Santa Ana | Theodor C. Albert |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 10/27/14 | Jeffrey I. Golden |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.